**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

| | |
|---|---|
| FELIPE LEANOS,<br><br>           Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social<br>Security Administration,<br><br>           Defendant. | Case No. EDCV 11-068-CW<br><br>DECISION AND ORDER |

The parties have consented under 28 U.S.C § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability and disability insurance benefits.  For the reasons stated below, the Magistrate Judge finds that judgment should be granted in favor of Defendant, affirming the Commissioner's decision.

## I. BACKGROUND

Plaintiff, Felipe Leanos, was born on May 14, 1977, and was 29- years old as of his alleged onset date. [Administrative Record "AR" 14, 87.] He has a limited education, is able to communicate in English, and has past relevant work as an assistant construction superintendent, plumber, warehouse laborer, delivery truck driver, and soil sampling laborer. [AR 14, 100.] Plaintiff alleges disability on the basis of congestive heart failure. [AR 99.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on January 6, 2011, and filed on January 24, 2011. On July 20, 2011, Defendant filed an Answer and plaintiff's Administrative Record ("AR"). On September 22, 2011the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability and disability insurance benefits under Title II of the Social Security Act on March 5, 2008, alleging disability since June 1, 2006. [AR 87-89.]

After the application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held on September 29, 2009, before Administrative Law Judge ("ALJ") Jay Levine. [Transcript, AR 39-50.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff [AR 50-53] and vocational expert ("VE") David Rinehart [AR 20-22].

The ALJ denied benefits in an administrative decision filed on November 17, 2009. [AR 8-16.] When the Appeals Council denied review on December 9, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1-3.] This action followed.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decisions should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment for that of the Commissioner. Reddick, 157 F. 3d at 720-721; see also Osenbrock, 240 F. 3d 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits, a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C.§ 423(d)(1)(A).

Disability claims are evaluated using a five step test:

> Step one: is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404 Subpart Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S.137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-1099; 20 C,F,R § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R § 404.1520.

3

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functioning capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R § 404.1520.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found Plaintiff met the insured status requirements of the Social Security Act (the "Act") through December 31, 2011. [AR 10.] The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (step one); that Plaintiff has "severe" impairments of status post congestive heart failure and status post atrial fibrillation (step two); and that he did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 10-11.]

The ALJ found (step four) that Plaintiff has the RFC to perform less than a full range of light work as follows:

> Plaintiff can lift and/or carry twenty pounds occasionally and ten pounds frequently; he can stand and/or walk for two hours out of an eight-hour workday; he can sit for six hours out of an eight-hour workday; he can occasionally perform climbing, balancing, stooping, kneeling, crouching, and crawling; he is precluded

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. §404.1569a(c).

from conveyor belt or piece work; and he must avoid exposure to temperature extremes and industrial level pollutants.

[AR 11-14.]

The ALJ further found that this RFC would not permit Plaintiff to perform any of his past relevant work. [AR 14.]  The ALJ concluded, however, that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, such as telphone quotation clerk, food and beverage order clerk, and information clerk (step five).  [AR 15-16.]  Accordingly, Plaintiff was found not to be disabled, as defined in the Social Security Act ("the Act"), from the onset date until the date of the decision. [AR 16.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies as disputed issues whether the ALJ:

1. Properly evaluated the treating physician's opinion;

2. Properly determined Plaintiff's RFC, and;

3. Posed a complete hypothetical question to the VE.

[JS 2.]

**D. ISSUES**

The crux of all three issues is whether the ALJ gave legally sufficient reasons for failing to include in the RFC and VE hyothetical all of the functional limitations opined by Plaintiff's treating physician, Cynthia Ruiz, M.D.

Although a treating physician's opinion generally is entitled to great weight, it "is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." Thomas v. Barnhart, 278 F.2d 947, 957-58 (9th Cir. 2002) (citation omitted).  It is the province of the ALJ to determine credibility and evaluate conflicting medical evidence.  Id.  The weight the ALJ affords to any physician's opinion turns on the evaluation of a number of factors, including not only the length and nature of the treating relationship, but also the consistency of the opinion

5

with other evidence in the record and whether the physician has "present[ed] relevant evidence to support an opinion, particularly medical signs and laboratory findings." 20 C.F.R. § 404.1527 (d).

The ALJ may, accordingly, determine that a treating physician's opinion is entitled to little or no weight, but in doing so he must make a record of the "specific and legitimate reasons" that support his evaluation by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretations thereof, and making findings." Thomas, 278 F.3d at 957. "Specific and legitimate reasons" for giving little or no weight to a treating physician's opinion may include that the opinion is conclusory and unsupported by objective medical findings, Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004), conflicts with the physician's own treatment notes, Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003), conflicts with the independent opinion of a consulting examiner, Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985), or conflicts with a non-examining physician's opinion that is itself supported by other record evidence, Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

The ALJ amply satisfied the applicable legal standard here. He summarized and evaluated the relative weight to be given to the medical evidence of record. [AR 12-13.] He then adopted the RFC assessed by the state agency reviewing physicians, which was less restrictive than that opined by Dr. Ruiz, but which was more restrictive than that opined by the consultative examining physician based upon his independent examination of the Plaintiff. [See AR 13.] In specifically declining to credit any limitations found by Dr. Ruiz to the extent they exceeded the RFC finding, the ALJ specified that Dr. Ruiz's opinion:

- was unsupported by her treatment notes, because those records do not include any positive findings, and instead appeared to be based primarily on plaintiff's subjective statements [see AR 139, 141, 158, 159, 166, 169];
- conflicted with the significantly less restrictive RFC assessed by consultative examiner Nicholas N. Lin, M.D., based upon his independent examination of Plaintiff and a May

6

2007 report of Dr. Ruiz [see AR 143-47];

- conflicted with the less restrictive RFC assessed by state agency physician Franklin Kalmar, M.D., based upon a review of the medical record as a whole [see AR 150-56]; and

- conflicted with the second state agency review of the medical record as a whole, which adopted RFC assessed by Dr. Kalmar [see AR 161-62].

[AR 13.]

This analysis is well-supported, and is not contradicted, by the record as a whole. In making the RFC determination, "the ALJ took into account those limitations for which there was record support that did not depend on [Plaintiff's] subjective complaints. Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Contrary to Plaintiff's assertion that the ALJ should have contacted Dr. Ruiz to ascertain the basis for her opinion, his duty to do so would have been triggered only if the record evidence was ambiguous or if the ALJ determined the record was inadequate for proper evaluation. Tonapetyan v. Halter, 242 F.3d at 1150. Here, the ALJ did not find the record to be ambiguous or inadequate; he concluded that Dr. Ruiz's functional assessment was "overly accomodating" to Plaintiff in light of the record as a whole and Dr. Ruiz's own records. This is proper. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (finding that the record was neither ambiguous nor inadequate, and ALJ had no duty to develop record by diagnosing plaintiff's herniated discs when plaintiff did not submit medical records or testimony establishing the back condition); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ did not have a duty to re-contact plaintiff's treating physicians where the ALJ found, with support in the record, that the evidence was adequate to make a disability determination); Duenas v. Shalala, 34 F.3d 719 (9th Cir. 1994) (ALJ did not have duty to develop the record when plaintiff provided only sketchy

information about covered employment and did not request that the ALJ develop the record.).

Accordingly, because the decision is supported by substantial record evidence and free from material legal error, remand is not warranted.

### VI. ORDERS

Accordingly, **IT IS ORDERED** THAT :

1. The decision of the Commissioner is **AFFIRMED.**

2. This action is **DISMISSED WITH PREJUDICE.**

3. The clerk of the Court shall serve this Decision and Order and Judgment herein on all parties or counsel.

Dated:  October 7, 2011

                                                  CARLA M. WOEHRLE
                                            United States Magistrate Judge